UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ESTATE OF WILLIAM D. SPATES, Deceased, by MARINA SPATES, his Wife and Independent Administrator,<br><br>Plaintiff,<br><br>v.<br><br>PORTAGE POLICE OFFICER GRANT CRIZER, STAR #159, Individually and as Employee/Agent of the City of Portage, and THE CITY OF PORTAGE INDIANA,<br><br>Defendants. | CAUSE NO.: 2:18-CV-1-TLS |

**OPINION AND ORDER**

This matter is before the Court on the Partial Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 46] filed by Defendants Portage Police Officer Grant Crizer and the City of Portage, Indiana (Portage) for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**BACKGROUND**

The Plaintiff filed a Complaint [ECF No. 1] on January 2, 2018, and a First Amended Complaint [ECF No. 40], which is now the operative Complaint in this case, on October 11, 2018. The Plaintiff alleges that, on April 22, 2017, Defendant Crizer initiated a stop of William D. Spates' car. First Am. Compl. ¶ 7. The Plaintiff states that Spates was alone in the car and unarmed. *Id*. ¶ 9. During the traffic stop, Defendant Crizer deployed his taser and fired electrically charged taser prongs into Spates. *Id*. ¶ 12. Defendant Crizer then un-holstered his firearm and shot Spates multiple times. *Id*. ¶¶ 13. Spates died at the scene from multiple gunshot

wounds. *Id*. ¶¶ 13, 16. Spates did not pose an imminent threat of death or great bodily harm to Defendant Crizer. *Id*. ¶ 14.

The Plaintiff brings four Counts against the Defendants: Count I is a § 1983 excessive force claim against Defendant Crizer, alleging that he violated Spates' Fourth Amendment rights; Count II is a § 1983 *Monell* claim against Defendant City of Portage; Count III is a state law wrongful death claim against Defendants Crizer and Portage; and Count IV is a state law claim against Defendants Crizer and Portage for loss of consortium.

The Defendants filed a Partial Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 46] on October 17, 2018. The Defendants seek to dismiss Counts II–IV of the Plaintiff's First Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Plaintiff filed a response [ECF No. 49], and the Defendants filed a reply [ECF No. 50].

**LEGAL STANDARD**

A motion to dismiss brought under Rule 12(b)(6) "challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). The Court presumes that all well-pleaded allegations are true, views these well-pleaded allegations in the light most favorable to the Plaintiff, and accepts as true all reasonable inferences that may be drawn from the allegations. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). Surviving a Rule 12(b)(6) motion "requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

The Defendants challenge Counts II–IV of the Plaintiff's First Amended Complaint: the Section 1983 *Monell* claim against Defendant Portage, the state law wrongful death claim against the Defendants, and the state law loss-of-consortium claim against the Defendants.

### A. Plaintiff's Section 1983 Monell Claim (Count II)

The Plaintiff brings a *Monell* claim pursuant to 42 U.S.C. § 1983 against Defendant Portage. Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Local governments and municipalities may qualify as a "person" under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). *Monell* liability is not a form of respondeat superior; instead a municipality can only be held liable as an entity under § 1983 "when execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." 436 U.S.

at 694. "To allege that a municipality has violated an individual's civil rights under . . . § 1983, [a plaintiff must] allege that (1) the City had an express policy that, when enforced, causes a constitutional deprivation; (2) the City had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority." *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). Although there is no heightened pleading standard for a municipal liability claim under § 1983, *see Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993), a plaintiff still must "set forth sufficient allegations to place the court and defendants on notice of the gravamen of the complaint," *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2002). Merely alleging boilerplate allegations of municipal policy is grounds for dismissal under Rule 12(b)(6). *Banks v. Vill. of Bellwood*, No. 11-CV-473, 2011 WL 5509572, at *2 (N.D. Ill. Nov. 9, 2011) (quoting *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995)).

The Plaintiff alleges that Defendant Portage had "de facto" policies and procedures, including failure to adequately train its officers, that resulted in the violation of the Plaintiff's constitutional rights. Pl.'s First Am. Compl. ¶¶ 21–23. The Plaintiff's First Amended Complaint only states that Defendant Portage "developed, implemented, enforced, and encouraged *de facto* policies, practices, customs" and that Portage "fail[ed] to properly and adequately train its officers." *Id*. at ¶¶ 22, 23. The Defendants argue that the Plaintiff failed to plead any facts from which the Court could infer that an official policy, widespread practice, or policymaker action was the moving force behind the alleged deprivation of the Plaintiff's constitutional rights. Defs.' Mem. in Supp. of Mot. to Dismiss at 4, ECF No. 47. In response, Plaintiff argues that "the

4

Federal rules of evidence" do not require that the Plaintiff's *Monell* claim contain a laundry list of specific prior bad acts on the part of the municipality. Pl.'s Resp. at 6. Further, the Plaintiff maintains that her *Monell* claim survives because it alleges that Portage failed to train its employees. *Id.* 6–7.

The Seventh Circuit has approved of dismissal of a *Monell* claim where a plaintiff has alleged no facts to suggest that the inadequate policies of which he complains actually exist. *See, e.g.*, *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). The Plaintiff is correct that she is not obligated to present a catalogue of policy abuses, but the Plaintiff's allegations cannot consist solely of conclusory allegations. "Boilerplate allegations of a municipal policy, entirely lacking in any factual support that a city policy does exist, are insufficient" to survive a motion to dismiss. *Sivard v. Pulaski Cty.*, 17 F.3d 185, 188 (7th Cir. 1994) (citing *Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 202 (7th Cir. 1985)). "Simply stating that a municipality has failed to train its police officers cannot survive a 12(b)(6) motion to dismiss . . . ." *Nevinger v. Town of Goodland, Ind.*, No. 4:11CV25, 2011 WL 2694662, at *4 (N.D. Ind. July 12, 2011) (collecting cases). The Court cannot accept as adequate "abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

The Plaintiff has failed to elaborate or provide sufficient factual detail regarding these alleged policies beyond formulaic conclusions. It is true that, at this point in the litigation, the Plaintiff is not obligated to prove her case. The Plaintiff, however, has failed to provide sufficient factual matter, accepted as true, to state a claim for relief. Therefore, the Court GRANTS the Defendants' Motion to Dismiss as to Count II of the Plaintiff's First Amended Complaint.

### B. Plaintiff's State Law Claims

The Plaintiff asserts a state law wrongful death claim (Count III) and loss-of-consortium claim (Count IV) against Defendants Crizer and Portage. The Defendants argue that Defendant Crizer is immune from personal liability under state law. Defs.' Mem. in Supp. at 8. The Defendants also argue that Defendant Portage cannot be held liable for the Plaintiff's loss of consortium claim as Indiana law does not recognize a derivative loss-of-consortium claim. *Id*. 9.

#### 1. *Plaintiff's State Law Claims Against Officer Crizer in his Individual Capacity (Counts III and IV)*

The Defendants contend that Officer Crizer is entitled to immunity from the Plaintiff's state law claims. The Defendants argue that the Indiana Tort Claims Act, Ind. Code § 34-13-3-1, *et seq*. (ITCA), provides immunity from liability to government employees where the alleged tortious actions were within the government employee-defendant's scope of employment. The Defendants cite Indiana Code § 34-13-3-5(b) in support, which states:

> A lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally. However, if the governmental entity answers that the employee acted outside the scope of the employee's employment, the plaintiff may amend the complaint and sue the employee personally.

Ind. Code § 34-13-3-5(b).

In response, the Plaintiff argues that the First Amended Complaint falls within exceptions to the ITCA in § 34-13-3-5(c)(3) and § 34-13-3-5(c)(4), which state that a "lawsuit filed against an employee personally must allege that an act or omission of the employee that causes a loss is: (3) malicious; [or] (4) willful and wanton . . . ." Ind. Code § 34-13-3-5(c)(3), (4). The Defendants maintain that the exceptions in § 34-13-3-5(c) remain subject to Indiana Code § 34-13-3-5(b). Defs.' Reply at 3.

Both parties cite *Bushong v. Williamson* in support of their arguments. 790 N.E.2d 467, 471 (Ind. 2003). The Indiana Supreme Court stated in *Bushong* that a plaintiff cannot "sue a governmental employee personally if the complaint, on its face, alleges that the employee's acts leading to the claim occurred within the scope of employment." *Id*. The Plaintiff argues that *Bushong* stands for the proposition that "a government employee may be sued personally where the complaint alleges the act or omission causing the loss is criminal." Pl.'s Resp. at 4 (citing *Bushong*, 790 N.E.2d at 472–73). However, the Indiana Supreme Court's holding in *Bushong* supports the notion that a plaintiff may not sue a governmental employee should the complaint allege that the employee's acts occurred within the scope of employment, even if those acts were criminal, malicious, or willful and wanton, as Indiana Code § 34-13-3-5(c) remains subject to Indiana Code § 34-13-3-5(b). *See Bushong*, 790 N.E.2d at 471; *see also Young v. Davis*, 40 N.E.3d 1254, 1256 (Ind. Ct. App. 2015); *City of Gary v. Conat*, 810 N.E.2d 1112, 1118 (Ind. Ct. App. 2004) ("[O]ur supreme court recently decided that I.C. § 34-13-3-5(b) should be interpreted as standing for the proposition that a plaintiff cannot sue a governmental employee personally if the complaint, on its face, alleges that the employee's acts leading to the claim occurred within the scope of employment." (citing *Bushong*, 790 N.E.2d at 471)). "To be within the scope of employment, conduct must be of the same general nature as that authorized, or incidental to the conduct authorized." *Ball v. Jones*, 52 N.E.3d 813, 820 (Ind. Ct. App. 2016) (quoting *Celebration Fireworks, Inc. v. Smith*, 727 N.E.2d 450, 452 (Ind. 2000)).

The First Amended Complaint alleges that Defendant Crizer "was at all times material hereto a duly appointed Portage Indiana police officer . . . who was acting in the capacity of a sworn law enforcement official" and that "Defendant Crizer's acts in shooting William D. Spates . . . were committed while he was on duty and within the scope of his employment as a sworn

7

Portage Police Officer." First Am. Compl. ¶¶ 5, 29. In addition, the Plaintiff alleges that Defendant Crizer initiated a traffic stop with his squad car and requested Spates' license and registration prior to tasering and then shooting Spates. *Id*. ¶¶ 7, 10, 11. As the Plaintiff pleads only that Defendant Crizer acted within the scope of his employment, does not plead in the alternative, and Defendant Portage has not yet answered, immunity currently bars these claims against Defendant Crizer. Therefore, Counts III and IV of the Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted as to Defendant Crizer. Accordingly, the Court GRANTS the Defendants' Partial Motion to Dismiss as to Counts III and IV of the First Amended Complaint against Defendant Crizer in his individual capacity.

**2.** *Plaintiff's Loss of Consortium Claim (Count IV)*

The Defendants argue that the Plaintiff's loss of consortium claim must fail because Indiana law does not recognize an independent claim for loss of consortium based on wrongful death. In response, the Plaintiff argues that she has stated a common law claim for pre-death loss of consortium based on the factual allegations that Spates survived for a period of time after being injured by Defendant Crizer but before dying.

The Indiana Supreme Court has held that, under the wrongful death statute, loss of consortium damages are recoverable beyond the date of the injured spouse's death even though such damages were not recoverable under the common law. *Bemenderfer v. Williams*, 745 N.E.2d 212, 214, 219 (Ind. 2001) (citing *Durham v. U-Haul Int'l*, 745 N.E.2d 755, 766 (Ind. 2001)). In addition, the court recognized that a surviving spouse may bring a common law loss of consortium claim for the period between the time of the injured spouse's injury and the injured spouse's death. *Id*. at 219. "Thus, the fact that post-death loss of consortium claims are available

only under the wrongful death statute . . . does not mean that a separate *pre-death* common law loss of consortium claim . . . cannot also proceed." *Hendrixson v. Cassens Transp.*, No. 3:12-CV-770, 2013 WL 3322036, at *2 (N.D. Ind. June 28, 2013) (emphasis added) (citing *Bemenderfer*, 745 N.E.2d at 212, 215, 219).

The Plaintiff does not allege in the First Amended Complaint that Spates' death was instantaneous. Rather, the Plaintiff pleads that there was an interval between the time Defendant Crizer deployed his taser and when he fatally shot Spates. First Am. Compl. ¶¶ 12, 13, 16. And, the Plaintiff alleges that she and Spates' dependents and heirs relied on Spates as their primary source of financial support and that they developed "a close and personal relationship and companionship" with Spates. *Id.* ¶¶ 38–39. Thus, the First Amended Complaint pleads sufficient facts to sustain a common law pre-death loss of consortium claim. As the movants on a motion to dismiss, the Defendants have failed to meet the burden of establishing the legal insufficiency of the Plaintiff's loss of consortium claim. *Yeksigian v. Nappi*, 900 F.2d 101, 104 (7th Cir. 1990). Additionally, as the Plaintiff's wrongful death claim against Defendant Portage remains pending, the Court cannot say that the Plaintiff is not entitled to damages against Defendant Portage for loss of consortium pursuant to her wrongful death claim.

Accordingly, the Court DENIES the Defendants' Partial Motion to Dismiss as to Count IV of the First Amended Complaint against Defendant Portage. Count IV of the Plaintiff's First Amended Complaint against Defendant Portage remains pending.

## CONCLUSION

Based upon the foregoing, the Court GRANTS in part and DENIES in part the Defendants' Partial Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 46]. The Court:

1. DISMISSES WITHOUT PREJUDICE Count II of the Plaintiff's First Amended Complaint; and

2. DISMISSES WITHOUT PREJUDICE Counts III and IV of the Plaintiff's First Amended Complaint against Defendant Crizer in his personal capacity.

The Plaintiff's claim in Count I of the First Amended Complaint against Defendant Crizer remains pending, and the claims in Counts III and IV of the First Amended Complaint remain pending as to Defendant Portage.

SO ORDERED on August 19, 2019.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT